# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

**BRYAN REYES-COLLAZO,**

    Petitioner,

    v.

**UNITED STATES OF AMERICA,**

    Respondent.

**Civil No. 16-2258 (ADC)**
**[Related to Crim. No. 13-297-1 (ADC)]**

## OPINION AND ORDER

On June 28, 2016, Bryan Reyes-Collazo ("petitioner") pro se and through the Federal Public Defender, filed a petition to vacate and correct his sentence under 28 U.S.C. § 2255 in relation to Criminal Case No. 13-297, in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015). **ECF Nos. 1, 2, 3**. For the following reasons, the petition and supplemental petition are **DENIED**.[1] **ECF Nos. 2, 3.**

Petitioner pleaded guilty to two counts of carjacking in violation of 18 U.S.C. § 2119(1), (2); and one count of carrying a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii), (2). **Crim. No. 13-297, ECF No. 56**. According to the signed plea agreement, on June 12, 2012, and again on June 13, 2012, petitioner entered a residence and took

---

[1] On May 5, 2017, petitioner requested the Court stay the case pending the outcome of *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018). **ECF No. 4**. The *Dimaya* decision issued on April 17, 2018, and on July 5, 2018, the Court allotted petitioner an additional thirty days to supplement his filings in light of *Dimaya*. **ECF No. 5**. Petitioner did not submit any supplemental filings.

a vehicle at gun point from the person or presence of the homeowners. **Crim. No. 13-297, ECF No. 27** at 10–11. On October 15, 2014, the Court entered judgment, sentencing petitioner to concurrent 168-month terms for the carjacking offenses and 84 months for the weapons offense, to be served consecutively, for a total of 252 months of imprisonment. **Crim. No. 13-297, ECF No. 56**.

Under the weapons statute at issue, section 924(c), there are two alternate definitions of "crime of violence." One is premised on whether the statutory elements of the predicate offense—here, the predicate offense is carjacking—include "the use, attempted use, or threatened use of physical force against the person or property of another." *See* 18 U.S.C. § 924(c)(3)(A). This provision is commonly referred to as the "force clause." The other definition is premised on a case-by-case analysis of whether the predicate offense "involve[d] a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." *Id*. § 924(c)(3)(B). This provision is referred to as the "residual clause."

Petitioner asserts a two-pronged argument to claim that there is no statutory basis for his conviction and 84-month sentence under the weapons statute. **ECF Nos. 2, 3.** Petitioner argues that because *Johnson* invalidated a statutory provision under the Armed Career Criminal Act ("ACCA"), which was similarly-worded to the residual clause here, the residual clause must also be unconstitutional. *Id*. And, upon finding the residual clause unconstitutional, his weapons conviction remains valid only if his carjacking convictions meet the definition of a "crime of violence" under the force clause, which he contends they do not. *Id*.

The Court first notes that petitioner is not challenging a sentence issued under the ACCA, rendering *Johnson*'s retroactive application, and thus the timing of his habeas petition, questionable. *See* 28 U.S.C. § 2255(f); **Misc. No. 16-196**. Nonetheless, assuming petitioner's claim is procedurally appropriate, it can be disposed of out of hand.

The First Circuit Court of Appeals has rejected both prongs of petitioner's argument in *United States v. Douglas*, 907 F.3d 1 (1st Cir. 2018) and *United States v. Cruz-Rivera*, 904 F.3d 63 (1st Cir. 2018). In *Douglas* the Court held that the residual clause is not unconstitutionally vague and must be analyzed on a case-by-case basis to ascertain whether the charges at hand meet the residual clause's definition of "crime of violence." 907 F.3d at 4. And, in *Cruz-Rivera*, the Court held that carjacking constitutes a crime of violence under the force clause. 904 F.3d at 66. Where only one of the definitions of "crime of violence"—under either the residual clause or the force clause—need apply to sustain petitioner's weapon conviction, that carjacking categorically meets the force clause's standard ends the inquiry.

Accordingly, the motion for appointment of counsel at **ECF No. 1** is **MOOT** and the petition for habeas relief is **DENIED. ECF Nos. 2, 3**. Clerk of Court is to enter judgment accordingly.

**SO ORDERED**.

At San Juan, Puerto Rico, on this 25th day of March, 2019.

                                             **S/AIDA M. DELGADO-COLÓN**
                                             **United States District Judge**